LOMAX v. STATE OF INDIANA.

[No. 1069S232. Filed September 23, 1970. No petition for rehearing filed.]

*George A. Purvis*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was indicted for robbery and tried without jury in Marion County Criminal Court Division One. The court found appellant guilty of assault and battery with intent to commit a felony, namely robbery, and appellant appealed from that finding.

Appellant's sole allegation of error is that there was insufficient evidence to prove that appellant had any intent to commit robbery. The facts which tend to support the trial court finding are as follows:

Walter Jones testified that on December 20, 1968, he left his home on 946 W. 36th Street in Indianapolis, and went to a tavern called the "Place to Play" on Indiana Avenue. The witness did not enter the tavern but turned and was walking up the street to a restaurant called the Golden Nugget when

appellant and another man grabbed the victim and began hitting him and dragging the victim along the sidewalk. The victim testified he felt them going through his pockets and that they took approximately $15 to $23 from his wallet. He also testified that appellant tried to take his wrist watch off but was unsuccessful. The victim sustained bruises on his legs and ankle, and a knot on his head.

Lewis Jones, an employee of a private detective agency and not a relative of the victim, testified that he was driving by and saw what appeared to be a fight. He heard somebody hollering "help." Mr. Jones observed the victim being dragged down the sidewalk by the appellant. When Lewis Jones ordered appellant to stop appellant ran across the street, but stumbled in his attempted flight and Lewis Jones caught him and held him for the police. Lewis Jones testified that the victim's coat was dirty and the victim appeared terrified.

Officer Dunn testified that on December 21, 1968, Walter Jones identified appellant in a lineup of 21 men, both Negro and White, as the man who attacked him. Dunn said appellant's hands were swollen and had open sores on them which appellant stated were caused by a disease. Officer Dunn did not notice that appellant could not make a fist.

Appellant argues that the only evidence on appellant's intent to rob comes from Walter Jones and is incredible. As we have stated many times, in reviewing the allegation of insufficient evidence this court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. There was nothing inherently incredible about Walter Jones' testimony and it was partly corroborated by Lewis Jones. We hold

that the evidence was sufficient to sustain the trial court finding.

Judgment Affirmed.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 185.